UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KAREN ARNOLD,

        Plaintiff,

vs.                                      Case No. 3:14-cv-530-J-34MCR

HEARTLAND DENTAL, LLC,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

    Plaintiff Karen Arnold originally filed this lawsuit in the Fourth Judicial Circuit Court in and for Duval County, Florida. See Complaint and Demand for Jury Trial (Doc. 2; Complaint) at 1. On May 6, 2014, Defendant Heartland Dental, LLC (Heartland) filed a Notice of and Petition for Removal (Doc. 1; Notice) notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action.

See Notice at 2-3. Specifically, Heartland asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441(a). See id. at 3. In support of this assertion, Heartland declares that it "is incorporated in Delaware and has its principal place of business in Effingham, Illinois. For diversity purposes, Heartland is considered a citizen of any state by which it is incorporated and of the state where it has its principal place of business." See Notice ¶ 5 (internal citation omitted). As such, Heartland has alleged its citizenship as if it is a corporation. See 28 U.S.C. § 1332(c)(1). However, both the Complaint and the Notice identify Heartland as "Heartland Dental, LLC." See Notice at 1; Complaint at 1, 2. Heartland cannot be both a limited liability company and a corporation. Moreover, because the requirements for demonstrating the citizenship of a limited liability company (LLC) and a corporation are different, the Court cannot determine Heartland's citizenship from the assertions in the Notice.

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1185-86 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a

corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, as Heartland is denominated as an LLC, but alleges jurisdiction as if it is a corporation, the Court is unable to determine Heartland's citizenship. As such, clarification is necessary to establish this Court's diversity jurisdiction. First, Heartland must specify whether it is an LLC or a corporation. If, indeed, Heartland is a corporation, the Court can determine that Heartland is a citizen of Delaware and Illinois based on the information contained in the Notice. However, if Heartland is, in fact, an LLC, Heartland must establish the citizenship of each of its members.[1] Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.

In light of the foregoing, the Court will give Heartland[2] an opportunity to demonstrate that the Court has subject matter jurisdiction over this case on or before May 23, 2014. Accordingly, it is

**ORDERED**:

---

[1] Heartland is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

Defendant Heartland Dental, LLC shall have up to and including **May 23, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on May 13, 2014.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties